# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

**JOHN E. MAHONEY, JR.,**

        **Petitioner,**

**v.**                                                                                                   **Civil No. 3:05cv134**
                                                                                                    **(Judge Broadwater)**

**JOYCE FRANCIS, Warden,**

        **Respondent.**

## REPORT AND RECOMMENDATION

Petitioner initiated this case on December 14, 2005, by filing a *pro se* Petition for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241.

## I. Procedural History

### A. Petitioner's Conviction and Sentence

On June 5, 2001, petitioner was charged in the Northern District of West Virginia with conspiracy to defraud the United States and bank robbery by force or violence. Petitioner pled guilty to count two of the indictment and was sentenced to a term of 88 months imprisonment on January 2, 2002.

Petitioner filed a direct appeal of his conviction and sentence on January 18, 2002. The United States filed a motion to dismiss the appeal based on the waiver of appellate rights found in petitioner's plea agreement. The Fourth Circuit Court of Appeals granted the government's motion and dismissed petitioner's appeal on June 24, 2002.

Petitioner filed a motion to vacate, set aside or correct illegal sentence pursuant to 28 U.S.C. § 2255 in the sentencing court. Petitioner's 2255 motion was denied on July 6, 2006.

**B. Petitioner's § 2241 Petition**

In the petition, the petitioner asserts that his indictment was defective because it fails to allege the requirements for jurisdiction. Specifically, petitioner asserts that the indictment fails to allege that the bank robbed was a member of the Federal Reserve System or that its deposits were insured by the FDIC. Therefore, petitioner asserts that count two of his indictment is void and that the Court was without jurisdiction to accept petitioner's plea, find him guilty, and sentence him on that count. As relief, petitioner wants his indictment dismissed and his sentence vacated.

Upon an initial review of the petition, the Court determined that summary dismissal was not warranted and the respondent was directed to show cause why the petition should be not granted. After not receiving a timely response, the Court issued a second show cause order on February 9, 2006.

**C. Petitioner's Motion for Judgment on the Pleadings**

On February 10, 2006, the petitioner filed a motion for judgment on the pleadings. In the motion, petitioner asserts that because the respondent failed to timely show cause why the petition should not be granted, and because petitioner is correct in his claim for relief, he is entitled to have the Court rule in his favor based upon the pleadings on file.

**D. Petitioner's Motion for Judgment for Default**

When the Court's second show cause order also went unanswered, the petitioner filed a motion for judgment of default. In that motion, petitioner asserts that he is entitled to a default judgment pursuant to Rule 55 of the Federal Rules of Civil Procedure because the respondent failed to plead or otherwise defend. Because the respondent has failed to oppose the petitioner's

request for relief, petitioner asserts that he is entitled to the relief sought in the petition.

**E.  The Court's Third Show Cause Order**

Upon inquiry with the Clerk, it was discovered that due to an administrative error, neither the first nor second show cause order was ever sent to the respondent or the United States Attorney for the Northern District of West Virginia.  Thus, the Court issued a third show cause order.  This time, however, the Clerk was specifically directed to mail a copy of the order to the appropriate United States Attorney's Office by certified mail, return receipt requested.

Petitioner filed objections to the Court's third show cause Order on April 19, 2006.  In his objections, the petitioner asserts that the Court should not have granted the respondent additional time to file a response to the petition.  Petitioner argues that to do so was an abuse of the Court's discretion and that the Court should have granted the petition instead.

**F.  The Respondent's Response to the Petition**

On May 1, 2006, the respondent filed a response to the petition.  In the response, the respondent asserts that petitioner's claims should have been raised pursuant to a motion under § 2255, and therefore, petitioner is not entitled to relief under § 2241.  Specifically, the respondent asserts that petitioner's claim of a defective indictment is precisely the type of claim that should be raised under § 2255 because it attacks the legality of his sentence, not the means of execution. Moreover, the respondent asserts that petitioner may only make an attack upon his conviction or sentence under § 2241 if § 2255 is in adequate or ineffective to test the legality of his detention. Because petitioner has failed to show that § 2255 is inadequate or ineffective to test the legality of his sentence, the respondent asserts that the petition must be dismissed.

**G.  Petitioner's Motion for Judgment on the Merits**

3

In this motion, petitioner asserts that the respondent failed to timely file a reply to the Court's third show cause order and that he is entitled to a default judgment. Petitioner recognizes, however, that default judgments are disfavored in habeas actions and that instead, the District Court should review the merits of the petition as if a response had been received and that relief should be granted only if the Court finds evidence that the petitioner's custody violates the constitution, laws, or treaties of the United States. Nonetheless, petitioner asserts that because the respondent failed to respond to the petition, and because he has presented evidence that his claim is meritorious, the court should grant the writ.

## H. Petitioner's Reply to the Respondent's Response

On May 26, 2006, petitioner filed a reply to the respondent's response in which he concedes that the respondent did file a timely response to the Court's third show cause order. Further, in reply to the respondent's response, petitioner argues that his claim is properly raised under § 2241 and that the respondent has not challenged the merits of his claim. Additionally, petitioner states that should the Court find that his claims should have been raised pursuant to § 2255, petitioner does not object to the instant case being converted into a § 2255 motion.

## II. Analysis

## A. Petitioners' Motions for Default Judgment

Pursuant to Rule 55(a) of the Federal Rules of Civil Procedure, "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend . . . and that fact is made to appear by affidavit or otherwise, the Clerk shall enter the party's default." However, "[n]o judgment by default shall be entered against the United States or an officer or agency thereof unless the claimant establishes a claim or right to relief by evidence satisfactory

to the court." Fed.R.Civ.P. 55(e).

In this instance, the respondent failed to respond to two show cause orders issued by the Court. However, that failure was due to an administrative error by the Court and was not the fault of the respondent. Therefore, default judgment is not appropriate. However, even if it were, for the reasons set forth more fully below, the petitioner cannot establish a right to the relief sought and would not be entitled to a default judgment regardless.

**B.  Petitioner's § 2241 Petition**

The primary means of collaterally attacking a federal conviction and sentence is through a motion pursuant to 28 U.S.C. § 2255. A § 2241 petition is used to attack the manner in which a sentence is executed. Thus, a § 2241 petition that challenges a federal conviction and sentence is properly construed to be a § 2255 motion. The only exception to this conclusion is where a § 2241 petition attacking a federal conviction and sentence is entertained because the petitioner can satisfy the requirements of the "savings clause" in § 2255. Section 2255 states:

> An application for a writ of habeas corpus in behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section, shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief, *unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention.*

28 U.S.C. § 2255 (emphasis added).

The law is clearly developed, however, that merely because relief has become unavailable under § 2255 because of a limitation bar, the prohibition against successive petitions, or a procedural bar due to failure to raise the issue on direct appeal, does not demonstrate that the § 2255 remedy is inadequate of ineffective. In re Vial, 115 F. 3d 1192, 1194 (4th Cir. 1997).

5

Moreover, in Jones, the Fourth Circuit held that:

> §2255 is inadequate and ineffective to test the legality of a conviction when: (1) at the time of the conviction, settled law of this circuit or the Supreme Court established the legality of the conviction; (2) subsequent to the prisoner's direct appeal and first §2255 motion, the substantive law changed such that the conduct of which the prisoner was convicted is deemed not to be criminal; and (3) the prisoner cannot satisfy the gate-keeping provisions of §2255 because the new rule is not one of constitutional law.

In re Jones, 226 F.3d 328, 333-334 (4th Cir. 2000).

There is nothing in the petitioner's § 2241 petition which establishes that he meets the Jones requirements. Consequently, the petitioner has not demonstrated that § 2255 is an inadequate or ineffective remedy and he has improperly filed a § 2241 petition. Thus, to the extent that petitioner now seeks relief under § 2241 in this Court, those claims should be dismissed.

Moreover, to the extent that petitioner seeks to have his claim construed as one under § 2255, the undersigned finds that construing petitioner's claim as one raised pursuant to § 2255 would not be appropriate in this instance. Petitioner previously filed a motion under § 2255 in this Court. See 3:01cr11 at Dckt. 88. That motion was denied. Id. at Dckt. 102. Accordingly, were the Court to construe petitioner's claim as one raised pursuant to § 2255, that claim would constitute a successive § 2255 motion. Harvey v. Horan, 278 F. 3d 370 (4th Cir. 2002). However, before filing a second or successive § 2255 motion in this Court, the petitioner must first obtain certification to do so from the appropriate Court of Appeals. Petitioner has not provided any evidence to suggest that he has requested the appropriate certification from the Fourth Circuit or that such certification has been granted. Therefore, this Court lacks jurisdiction over such a motion. United States v. Winestock 340 F.3d 200, 207 (4th Cir. 2003).

### III. Recommendation

For the foregoing reasons, it is recommended that the petitioner's Objection to Third Order Directing Respondent to Show Cause (dckt. 10) be OVERRULED; his Motion for Judgment on the Pleadings (dckt. 6), Motion for Judgment for Default (dckt. 7), and Motion for Judgment on the Merits (dckt. 13) be DENIED; and the petition be DISMISSED with prejudice.

Within ten (10) days after being served with a copy of this recommendation, any party may file with the Clerk of Court written objections identifying those portions of the recommendation to which objection is made and the basis for such objections. A copy of any objections should also be submitted to the Honorable W. Craig Broadwater, United States District Judge. Failure to timely file objections to this recommendation will result in waiver of the right to appeal from a judgment of this Court based upon such recommendation. 28 U.S.C. § 636(b)(1); United States v. Schronce, 727 F.2d 91 (4th Cir.), cert. denied, 467 U.S. 1208 (1984); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); Thomas v. Arn, 474 U.S. 140 (1985).

The Clerk is directed to mail a copy of this Report and Recommendation to the *pro se* petitioner and any counsel of record.

DATED: July 7, 2006.

/s/ James E. Seibert  
JAMES E. SEIBERT  
UNITED STATES MAGISTRATE JUDGE