**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
AT MARTINSBURG**

**JOHN E. MAHONEY, JR.,**

      **Petitioner,**

**v.**                        **Civil No. 3:05CV134
(Judge Broadwater)**

**JOYCE FRANCIS, Warden,**

      **Respondent.**


**<u>ORDER ADOPTING REPORT AND RECOMMENDATION</u>**

On this day the above styled matter came before the Court for consideration of

Magistrate Judge James E. Seibert's Report and Recommendation, entered on July 7,

2006.  The Petitioner filed Objections thereto on July 24, 2006.  In the interests of justice

and in accordance with 28 U.S.C. § 636(b)(1), the Court has conducted a *de novo* review.

Pending before the Court are the Petitioner's Objection to Third Order Directing

Respondent to Show Cause (Document No. 10), Motion for Judgment on the Pleadings

(Document No. 6), Motion for Judgment for Default (Document No. 7), and Motion for

Judgment on the Merits (Document No. 13).  The Court, after reviewing the above, is of

the opinion that the Magistrate Judge's Report and Recommendation (Document No. 16)

should be and is hereby **ORDERED ADOPTED**.

The Petitioner's primary objection is that his Petition should be allowed to proceed

under 28 U.S.C. § 2241.  The action is properly construed as a petition under 28 U.S.C. §

2255, because the Petition fails to satisfy the requirements of the "Savings Clause" of §2255.  Specifically, the § 2255 motion must be inadequate or ineffective to test the legality of Petitioner's detention for reasons other than procedural waiver, a prohibition against successive petitions, or limitations.  *See* <u>In re Vial</u>, 115 F. 3d 1192, 1194 (4th Cir. 1997).  Furthermore, the types of law change that would render § 2255 inadequate or ineffective as described in <u>In re Jones</u> do not apply to this Petition.  <u>In re Jones</u>, 226 F.3d 328, 333-334 (4th Cir. 2000).  Therefore, the Petition is properly construed as a motion under § 2255.

As a motion under §2255, the instant Petition is successive.  The Petitioner previously pursued an action under § 2255 which was denied (3:01CR11 at Document No. 88).  Since the Petitioner did not obtain certification from the appropriate Court of Appeals, this Court does not have jurisdiction to hear the successive petition. <u>United States v. Winestock</u> 340 F.3d 200, 207 (4th Cir. 2003).

Therefore, for the reasons set forth herein, and for those set forth in the Magistrate Judge's Report and Recommendation, the Petitioner's Objection to Third Order Directing Respondent to Show Cause (Document No. 10) is **OVERRULED**; the Motion for Judgment on the Pleadings (Document No. 6) is **DENIED**; the Motion for Judgment of Default (Document No. 7) is **DENIED**; Petitioner's Motion for Judgment on the Merits (Document No. 13) is **DENIED**; and the petition is **DISMISSED WITH PREJUDICE** and this matter is Ordered **STRICKEN** from the active docket of the Court.

It is so **ORDERED**.

The Clerk is directed to transmit true copies of this Order to the Petitioner and all counsel of record herein.

**DATED** this 29th day of September 2006.

W. Craig Broadwater
_____
W. CRAIG BROADWATER
UNITED STATES DISTRICT JUDGE